***E-FILED 01-18-2011***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, as Trustee,<br><br>    Plaintiff,<br><br>  v.<br><br>TEODORICO CAYANAN, JANETH CAYANAN; DOES 1-100,<br><br>    Defendants.<br>_____/ | No. C11-000196 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION** |

On January 13, 2011, pro se defendants Teodorico Cayanan and Janeth Cayanan removed this case from Santa Clara County Superior Court. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff U.S. Bank, National Association filed this unlawful detainer action on October 19, 2010 in Santa Clara County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale in September 2010. (Complaint, ¶ 4). The complaint further alleges that on or about October 7, 2010, defendants were served with a notice to vacate, but defendants refused to deliver possession of the property. (*Id.* ¶¶ 8-10).

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto

that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added).  These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Here, defendants assert that removal is proper based on diversity jurisdiction.  Although defendants say that the amount in controversy exceeds $75,000, the complaint specifies that the amount demanded does not exceed $10,000.  (Complaint at 1.)  Plaintiff only seeks possession of the property and the costs of suit.  (*Id.* at 3).  In addition, as local defendants, it would appear that the Cayanans would not have the right to remove this action to federal court under diversity jurisdiction.  28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

Moreover, defendants do not establish, or even claim, that this case arises under federal law.  And, on the record presented, it does not appear that they could.  Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* at 1273.  Here, plaintiff's complaint states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever.  Moreover, defendants' allegations in their removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court Judge.  The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court.  Pursuant to Federal Rule of Civil Procedure 72(b), any

2

party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: January 18, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:11-cv-00196-HRL Notice mailed to:

2  John C. Saginaw
   Robert J. Jackson & Associates, Inc.
3  4199 Campus Drive, Suite 700
   Irvine, CA 92612

4
   Amy E. Starrett
5  Robert J. Jackson & Associates, Inc.
   4199 Campus Drive, Suite 700
6  Irvine, CA 92612

7        Plaintiff's Counsel

8  Janeth Cayanan
   1388 Trestlewood Drive
9  San Jose, CA 95138

10 Teodorico Cayanan
   1388 Trestlewood Drive
11 San Jose, CA 95138

12       Pro Se Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4